IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CORY McCOY, #19459-026                                                                              PETITIONER

VS.                                                         CIVIL ACTION NO.  3:18-cv-523-DPJ-FKB

WARDEN C. RIVERS                                                                                  RESPONDENT


## REPORT AND RECOMMENDATION

Cory McCoy is a federal inmate serving a 148-month sentence imposed by the United States District Court for the Central District of Illinois for possession with intent to distribute mixtures or substances containing a detectible amount of heroin.  At the time he filed this action, he was incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi.  McCoy is currently housed at McDowell Federal Correctional Institution in Welch, West Virginia, and his projected release date is January 17, 2026.  *See* https://www.bop.gov/inmateloc/ (last visited July 29, 2021).  He brings this petition pursuant to 28 U.S.C. § 2241 and challenges the computation of his sentence by the Bureau of Prisons (BOP).  Specifically, he claims that the BOP has wrongfully failed to give him credit for time spent in pre-trial custody, from April 14, 2014 until May 8, 2015.

      I.      FACTS AND PROCEDURAL HISTORY

On March 1, 2014, McCoy was arrested by Illinois state authorities for manufacturing or delivering a controlled substance (two counts), possession of cannabis, resisting arrest, and violating his parole.  [9-1] at 5.  On that same day, he was booked on those charges and taken into state custody by the Sangamon County Sheriff's Office.  *Id.*  On April 8, 2014, a federal grand jury in the United States District Court for the Central District of Illinois indicted McCoy on one count of knowingly and intentionally possessing with the intent to distribute mixtures or

substances containing a detectible amount of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). *Id.* at 8. Federal authorities arrested McCoy on April 14, 2014, while he was in state custody, and brought him before a United States Magistrate Judge for an initial appearance and arraignment. *See* Minute Entry, *United States v. McCoy*, No. 3:14-CR-30011-RM-THS-1 (C.D. Ill. Apr. 14, 2014); [9-1] at 5, 10-11. Represented by counsel, McCoy waived his right to a detention hearing, whereupon the magistrate judge entered an order detaining him during his federal criminal proceedings. *See* Order [5], *McCoy*, No. 3:14-CR-30011-RM-THS-1 (C.D. Ill. Apr. 14, 2014). The Central District of Illinois accepted his guilty plea on September 24, 2014. *Id.* at Text Only Order (9/24/14). After several agreed continuances, the court sentenced him to a term of 148 months on April 23, 2015. *Id.* at Text Only Orders (12/4/14, 1/6/15, 3/5/15, 4/14/15); [9-1] at 13-18. The sentencing order, however, did not address whether his federal term of imprisonment should run consecutively to or concurrently with pending state charges.[1] [9-1] at 13-18.

On May 8, 2015, the Prisoner Review Board of the State of Illinois found that McCoy had violated his parole/mandatory supervised release as of March 1, 2014 and sentenced him to time served. [9-1] at 2, 29-32. When the BOP calculated Petitioner's sentence, it determined

---

[1] Within weeks of his April 2014 federal indictment, state authorities dismissed his related state charges of two counts of manufacturing or delivering a controlled substance and one count of possession of a controlled substance. [9-1] at 23-27. Based on the documents before the Court, his state parole violation charge remained pending until May 8, 2015. *Id.* at 29-30. The disposition of his charge of resisting arrest is unknown.

2

that his sentence commenced on May 8, 2015, the date his state sentence was discharged. *Id.* at 2, 39.

II.     DISCUSSION

Petitioner contends that the BOP has wrongfully calculated his sentence by failing to give him prior custody credit for the period of April 14, 2014 (the date he was arrested on a federal charge) until May 8, 2015 (the date his state parole violation sentence was discharged). McCoy asserts that he was in the custody of the U.S. Marshal Service during that time, therefore that period should be credited to his federal sentence.

In response to the petition, Respondent has submitted the declaration of Jan Stopps, Correctional Programs Specialist for the BOP's Designation and Sentence Computation Center, along with records from Petitioner's BOP file. [9-1]. In her declaration, Ms. Stopps explains that the BOP determined that, pursuant to 18 U.S.C. § 3585(a) and BOP Program Statement 5880.28, McCoy's sentence commenced on May 8, 2015, the date he was received into exclusive federal custody. *Id.* at 2. According to Ms. Stopps, McCoy was ineligible to receive any prior custody credit toward his federal sentence because the entire period from April 14, 2014 to May 8, 2015 was credited toward his state sentence for the revocation of his state parole. *Id.* at 2, 32.

The Government's position is correct for several reasons. First, a federal sentencing court has discretion to run a sentence consecutively to or concurrently with an anticipated state sentence. *United States v. Hernandez*, 234 F.3d 252, 256 (5th Cir. 2000). Where a court is silent on the issue, the sentences run consecutively. *See* 18 U.S.C. § 3584 ("[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms

are to run concurrently"); *Hunter v. Tamez*, 622 F.3d 427, 431 (5th Cir. 2010) (unless the district court specifies otherwise, sentences imposed at different times are presumed to run consecutively). Here, the federal court made no mention of any other sentence. *See* [9-1] at 13-18. Thus, the federal and Illinois sentences were presumed to run consecutively.

Furthermore, his federal pre-trial custody was considered temporary pursuant to a writ of habeas corpus *ad prosequendum*. "The law is clear in this Circuit that, if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary. . . . A writ of habeas corpus *ad prosequendum* is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction." *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980). Likewise, in this case, state officials "loaned" McCoy to receiving federal officials for prosecution on his federal charge. McCoy's state parole violation charge remained pending until May 8, 2015, when the Illinois Prisoner Review Board revoked his parole and sentenced him to time served. *See* [9-1] at 29-30.

Finally, 18 U.S.C. § 3585, which governs the calculation of a federal criminal sentence, specifically disallows "credit toward the service of a federal term of imprisonment for any time" that has been credited against another sentence. *See* 18 U.S.C. § 3585(b).[2] The Supreme Court

---

[2] Section 3585(b) provides that:
   A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
   (1) as a result of the offense for which the sentence was imposed; or
   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
   *that has not been credited against another sentence.*
18 U.S.C. § 3585(b)(1984)(emphasis added).

4

has explained that when Congress enacted § 3585(b), it "made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992).  Pursuant to § 3585, BOP Program Statement 5880.28 specifies that "[c]redit will not be given for any portion of time spent serving another sentence regardless of whether the sentence is federal, state, or foreign." *See* BOP Program Statement 5880.28, Sentence Computation Manual, pp. 1-17; *see also Stokes v. Longley*, No. 3:13-cv-824-DCB-MTP, 2015 WL 4430943, at *3 (S.D. Miss. July 17, 2015).  In McCoy's case, the state of Illinois specifically gave him credit for time-served on his parole violation from the time he was taken into custody by the state, March 1, 2014, until his parole discharged on May 8, 2015.  [9-1] at 30.[3]  Allowing McCoy prior custody credit for the period of April 14, 2014 (the date of his federal arrest) to May 8, 2015 (the date his state parole discharged) would be directly contrary to the dictates of § 3585(b).

### III.     CONCLUSION

Petitioner has failed to show that he is being held "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Therefore, the undersigned recommends that relief be denied and that his § 2241 petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal

---

[3] In addition, the state later clarified that it antedated his parole start-date to May 8, 2013. [9-1] at 32.

5

conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 29th day of July, 2021.

/s/ F. Keith Ball  
UNITED STATES MAGISTRATE JUDGE